Charles A. Loreto, J.
The landlord has brought this nonpayment proceeding to recover the sum of $175 as the rent due for the month of September, 1954. The tenant asserts that the rent due is the sum of $150, which has been tendered and refused.
The facts in this case present a novel situation. The tenant occupies a store pursuant to a written lease entered into for a term of two years, expiring August 31, 1952. For the said period the monthly rent is fixed at $145, although in paragraph “ Forty-ninth ” of the lease, the parties agreed upon a reasonable rental of $175 per month. That paragraph of the lease provides: ‘‘ Forty-Ninth: As hereinbefore mentioned, the tenant is presently in possession of the demised premises pursuant to an earlier lease and has heretofore been advised that the emergency rent of the demised premises as defined by the so-called emergency rent laws is One Hundred Thirty-four and 17/100 ($134.17) Dollars per month, and further the landlord has advised the tenant prior to the making of this agreement of her right to continue payment of the emergency rent until modified by arbitration or by court proceedings pursuant to the provisions of the Statute as now in effect. However, the landlord and tenant are desirous of fixing a reasonable rent by written agreement, and therefore, the landlord and tenant do hereby agree that the reasonable rent for the demised premises is Two Thousand One Hundred and 00/100 ($2,100.00) Dollars per annum. Anything in this paragraph notwithstanding the tenant shall not be required to pay a larger rent them first hereinabove provided on page one of this lease. The tenant has been advised and is hereby advised that she may within sixty (60) days after the date of this agreement cancel this agreement by notice to the landlord by registered mail, enclosed in a securely sealed postpaid wrapper, addressed to the landlord at its *375 address above stated, and requiring a return receipt. In the event that the tenant cancels this agreement, as hereinbefore provided, this lease shall for all purposes be null and void, and from and after the receipt of such notice by the landlord, the tenant shall be a statutory tenant subject to dispossession in accord with such statutes as may now or hereafter be in effect ”. (Italics supplied.)
By letter dated September 15, 1952 the tenant exercised the option contained in paragraph “Forty-first” of the lease thereby extending the term thereof for a further period of two years to August 31, 1954 and agreeing to pay an annual rental of $1,800, in equal monthly installments of $150. It was further provided thereby that all other terms and conditions of the lease remain in full force and effect. There has been no further extension of the lease. The tenant, concededly since September 1, 1954 has been a statutory tenant.
The landlord contends that under the authority of Manuel Realty Corp. v. Blank (198 Misc. 393, affd. 198 Misc. 395) the tenant is required to pay, as a statutory tenant, the sum of $175 per month, the amount theretofore fixed by the parties in their expired lease as the reasonable rent for the premises. In that case it appears that the parties entered into an agreement under the emergency rent statute fixing an emergency rent and that a lease was simultaneously entered into at a rental less than the emergency rent. Upon the expiration of the lease, the landlord demanded the emergency rent, refusing to accept the lesser amount theretofore accepted. The lower court found that the space rented was formed from various portions of the premises into a new unit subsequent to June 1, 1944 and that part of it had been occupied and another part had been unoccupied prior to that date. And it concluded that the parties could fix the emergency rent, which would be binding upon the tenant, on the expiration of his lease. The decision, affirmed by the Appellate Term, upon leave granted, was further affirmed by the Appellate Division (277 App. Div. 884).
That case is distinguishable. For it was concerned with “ emergency rent ” fixed by the parties, whereas, here we are concerned with “ a rent, exceeding the emergency rent” fixed by the parties. There is a considerable difference between the two, and this difference is spelled out in the statute. What the emergency rent may be is stated in section 2 of the Commercial Rent Law (L. 1945, ch. 3, as amd.). And how a rent, exceeding the emergency rent, may be fixed i.e., arbitration, the Supreme Court or agreement between the parties is set forth in section 4 of the act.
*376 It may be said that generally a tenant is required to pay the emergency rent upon becoming a statutory tenant. However, he may be required to pay more during his statutory tenancy as a result of arbitration or a Supreme Court proceeding instituted by the landlord or by reason of an agreement between the parties.
There has been no arbitration or Supreme Court proceeding and the agreement between the parties fixing a rent above the emergency rent does not either expressly or by implication impose an obligation upon the tenant to pay such an amount after the expiration of the lease.
This case, it seems to the court, is squarely covered by subdivision 6 of section 4 of the statute, overlooked by counsel for both parties, which reads: ‘ ‘ The rent fixed by arbitration or by the supreme court or the rent reserved or payable under any such written agreement shall be the emergency rent for such space until and unless a new rent shall be fixed by arbitration or the supreme court or the tenant or a successor tenant and the landlord shall make a new agreement ’ ’.
“ [T]he rent reserved or payable ” under the agreement between the parties (as extended by the option of renewal) is $150 per month, and not the sum of $175 per month, the amount stipulated by the parties in the agreement as the reasonable rent. Absent arbitration, a Supreme Court order or a new agreement, the court therefore finds that the rent due and owing by tenant herein, as a statutory tenant, is the sum of $150 per month.
There is an item of $2.15 for plate glass insurance premium about which there is no dispute included in the landlord’s claim.
Accordingly, final order and judgment is awarded to the landlord for $152.15. Five days’ stay.